# BALTIMORE & OHIO RAILROAD COMPANY *v.* ONORATO.

---

MASTER AND SERVANT; RAILROADS; NEGLIGENCE; TRIAL; INSTRUCTIONS TO JURY.

1. In an action against a railroad company by an engine cleaner employed for a month by the company in its roundhouse, to recover for personal injuries caused by the collapse of a part of the roundhouse during a storm, it is a question for the jury, whether the plaintiff

knew, or was chargeable with knowledge, of the defective condition of the structure, which is admitted by the defendant, and assumed the risk incident to his employment therein, where the foreman of the defendant, who had been employed in the building for several years, and other of the defendant's witnesses, testify that there was no apparent defect in it; and there is no testimony to show that the plaintiff had actual knowledge of certain defects which the evidence shows to have existed, and the evidence is conflicting as to whether the storm was an unusual one.

2. It is not error for the trial court to refuse a special instruction asked, where it substantially complies with the request in another instruction which correctly states the law.

3. Refusal by the trial court in a personal injury case, to grant an instruction asked by the defendant, to the effect that the mere fact the plaintiff was injured does not entitle him to a verdict, and creates no presumption of negligence on the part of the defendant, is not error, where the court charges the jury that, to find for the plaintiff, they must affirmatively find negligence on the part of the defendant, which was the proximate cause of plaintiff's injury.

No. 2120.   Submitted April 21, 1910.   Decided June 1, 1910.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia, on verdict, in an action to recover damages for personal injuries.

*Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from the supreme court of the District of Columbia upon a verdict in favor of appellee, Salvatore Onorato, plaintiff below, for personal injuries sustained by reason of the partial collapse, during a thunder shower, of the roundhouse of appellant, the Baltimore and Ohio Railroad Company, defendant below, at Trinidad or Ivy City in the District of Columbia, on June 9th, 1906, two days prior to the passage of the first employers' liability act (34 Stat. at L. 232, chap. 3073, U. S. Comp. Stat. Supp. 1909, p. 1148).

The sides of said roundhouse were of corrugated iron, and the structure was held up by iron girders supported by 12x12

timbers or posts set in cast-iron bases which, in turn, were anchored on stone foundations or pillars. The roof was of structural iron work with broad sheathing and slate covering. The girders ran from one post to the other, and these supported the roof. There was also a post at each pit where the engines ran in. To strengthen the structure, tie-rods of iron were run from the top of the roof to the center of the crossbeams.

There was evidence that the plaintiff, at the time of the accident, had been working in the roundhouse a little more than a month, cleaning engines; that "he had no knowledge that the building was going to fall down, and such a thing did not occur to him; that he never worked for a railroad company before in his life, or in any building;" that "nobody ever called his attention to the fact that the building was liable to fall down, or anything like that." The plaintiff's evidence tended to show that the building had been unsafe for more than a year prior to the accident, and that its condition had been brought to the attention of the foreman, who replied, "Make the best of it you can. There is a new one getting built." The evidence on the part of the defendant, on the contrary, was to the effect that the building was in a reasonably safe condition prior to the time of the accident, "and, if there had been anything apparently dangerous about the condition, they would not have continued to work there." There was evidence tending to show that several of the tie-rods had rusted off and fallen down, and that the iron girders had deteriorated from rust. It was also testified to by plaintiff's witnesses, and admitted by defendant's foreman, that, on several occasions prior to the accident, uprights or posts had been knocked out of the footholds or pockets by the careless handling of engines, and that these uprights were pulled back into place by means of a chain and an engine. It was admitted by defendant's foreman that, when these uprights were knocked out of place, the anchor bolts gave way, and that these anchor bolts, except possibly in one or two instances, were not put back when the uprights were again pulled into position.

There was evidence on the part of the plaintiff to the effect

that the storm during which part of this roundhouse collapsed was not an unusual one, while the defendant's evidence tended to show that it was.

*Mr. George E. Hamilton, Mr. M. J. Colbert, Mr. John W. Yerkes,* and *Mr. John J. Hamilton* for the appellant.

*Mr. Rossa F. Downing* and *Mr. George A. Berry* for the appellee.

Mr. Justice Robb delivered the opinion of the Court:

In the brief of counsel for appellant it is conceded that there was sufficient evidence in the record to support the allegation in the declaration that the roundhouse in question was in a defective condition, and that its collapse may have been brought about by such condition.    It is contended, however, in the first assignment of error, that the evidence shows conclusively that this defective condition was as manifest to the appellee as to any of the witnesses who testified in his behalf, and hence that he must be regarded as having assumed the risks incident to the situation.    We are unable to agree with appellant in this contention.    That this is a question about which reasonable minds might differ is conclusively settled by an inspection of the record.    The foreman of this roundhouse, who had been employed there for several years, and several other of defendant's witnesses, testified, as above noted, that there was no apparent defect in the building.    The finding of the jury, of course, establishes appellee's contention that there was a defect in the building, and that it was of such a nature that appellant, with reasonable diligence, should have discovered it.    That finding falls short of supporting appellant's present contention that the defects were so clearly apparent that appellee assumed the risks flowing from them.    There is no evidence in the record that appellee, during the month of his employment, had seen one of the uprights knocked out of position, or that he knew that the anchor bolts had not been replaced.    The ordinary workman would

hardly be expected to know whether the absence of tie-rods would so weaken the structure as to render it unsafe. The fact that only a portion of the building collapsed tends to show that the cause of the collapse was of a local nature, and hence not necessarily within the knowledge or observation of an ordinary laborer. Moreover, this question, as will appear from the discussion of the next assignment of error, was submitted to the jury for determination.

It is next contended that the court erred in refusing the appellant's prayer to the effect that, if, from all the evidence, the jury should find the defects existing in the roundhouse at the time of the accident "were all plainly manifest and visible to the plaintiff, who continued nevertheless to work in said roundhouse, then the plaintiff must be regarded as having assumed the risks incident to his employment." The court on this branch of the case instructed the jury as follows: "The proposition that the negligence of the railroad company must have directly occasioned the injury to the plaintiff involves another consideration, and that is this: That, if they were both negligent,—that is to say, if the railroad company was negligent in not maintaining a proper building, and if the plaintiff was negligent in working in a place that a man of reasonable prudence and caution would not have worked in,—then the negligence of both would have contributed to the injury, and he could not recover; because he would then be as much at fault as the railroad company. You would determine that question by considering the nature of the building, by determining whether there were any defects in it which rendered it dangerous, and whether or not the danger was either actually known to this plaintiff, or was so open and plain and patent that it showed itself to anybody who worked in the building. If it was so open and plain as that, providing defects existed, so that he must have known it from working there, then he took the chances in working there, and could not recover if the building fell down." This was a substantial compliance with appellant's request, and constituted a correct statement of law.

The refusal of the court to grant the following prayer con-

stitutes appellant's third and last assignment of error: "The jury are further instructed that the mere fact that the plaintiff was injured does not entitled him to a verdict, and creates no presumption of negligence on the part of the defendant: but, before the jury can award plaintiff any damages, they must be satisfied from all the evidence that there was some negligence on the part of the defendant, which was the proximate cause of the injuries complained of." The learned trial justice refused to grant this prayer because of the use of the word "satisfied" therein. It is not necessary to inquire whether, under different conditions, it would have been the duty of the court to have modified the prayer by the use of some other term in place of the word "satisfied," as suggested by appellant, for the reason that the charge as given substantially embraced the matter contained in the rejected prayer. The court told the jury that the railroad company "was not an absolute insurer of the safety of its employees in the building;" that it was the duty of the company "to maintain this roundhouse in a reasonably safe condition for the safety of its employees," and that, if the Company "was negligent in that respect, and that negligence occasioned the injury to the plaintiff, he would be entitled to recover. Otherwise he would not be entitled to recover. That consideration involves the necessity of your determining the extent to which the railroad company had complied with its duty in regard to maintaining the building, and also determining whether or not the collapse was occasioned by the failure of the railroad company's duty to maintain the kind of building it should have maintained, or whether it was due to undue severity of the storm, an act of God." This, in connection with the portion of the charge already given, clearly indicated to the jury that they must affirmatively find negligence on the part of the railroad company, and that the collapse of the building was the proximate cause of such negligence. Such was the effect of the rejected prayer.

Finding no error in the record, the judgment is affirmed, with costs.                                        *Affirmed.*